BAILEY DENTAL CO. OF IOWA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3950.   Promulgated April 27, 1928.

*G. D. Shepherd* for the petitioner.
*Philip M. Clark, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner herein does not now seek personal service classification, but contends that the amounts distributed to its two officers in the taxable year as dividends should be regarded as salaries and deducted from its gross income for such year as ordinary and necessary business expenses, or that, if this contention is disallowed, its tax liability should be computed under the provisions of section 328 of the Revenue Act of 1918.

The record supports the petitioner's contention that two of its officers rendered some services to it during the year in question, and that it paid no salaries to them. Each of the two officers received $1,500 in dividends. There is no evidence that the salaries claimed were authorized prior to or in the taxable year either by formal or informal corporate action. There was no accrual of such salaries on the books of the petitioner. We are of the opinion, therefore, that no liabiilty for the payment thereof was incurred. *When Clothing Co.*, 1 B. T. A. 973; *W. K. Henderson Iron Works & Supply Co.*, 6 B. T. A. 92; affirmed by the Court of Appeals of the District of Columbia, 25 Fed. (2d) 538; *William C. Raue & Sons Co.*, 9 B. T. A. 1321.

In support of its alternative contention for special assessment, the petitioner relies on section 327 of the Revenue Act of 1918. The language of such section pertinent to this controversy is as follows:

(d) Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section, would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328.

The only abnormality alleged by the petitioner is that disallowance of the deduction herein claimed as ordinary and necessary expenses incurred in earning this income which the respondent seeks to tax increases its net taxable income in the amounts disallowed and so increases its excess profits tax, and that it is, therefore, subject to an exceptional hardship as compared to other similar corporations which have been allowed to deduct all expenses incurred in producing income. The evidence is clear that the officers rendered some service to the petitioner in the taxable year, but, in the absence of any proof as to the reasonable value of such services, we can not say that the disallowance of the amounts in controversy as expenses resulted in an abnormality in income, or that the computation of the profits tax under section 301 works upon petitioner an exceptional hardship.

*Judgment will be entered for the respondent.*